**SO ORDERED.**

**SIGNED this 13 day of October, 2011.**



_____
JANICE MILLER KARLIN
UNITED STATES BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ROGER PAUL KUNZE and | ) | Case No. 09-41075-7 |
| BRENDA KAY KUNZE, | ) | |
| | ) | |
| Debtors. | ) | |
| | ) | |
| | ) | |
| PATRICIA E. HAMILTON, TRUSTEE | ) | |
| OF THE BANKRUPTCY ESTATE OF | ) | |
| ROGER PAUL KUNZE and BRENDA | ) | |
| KAY KUNZE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. No. 11-7029 |
| | ) | |
| CITIMORTGAGE, INC. and | ) | |
| GOVERNMENT NATIONAL | ) | |
| MORTGAGE ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER GRANTING IN PART,
AND DENYING IN PART, DEFENDANT CITIMORTGAGE, INC'S
MOTION TO DISMISS

This matter is before the Court on Defendant CitiMortgage, Inc.'s Motion to Dismiss[1] filed pursuant to Federal Rules of Bankruptcy Procedure 7012(b). Plaintiff, Chapter 7 Trustee Patricia Hamilton, responded to the motion, and CitiMortgage elected not to reply. These matters constitute core proceedings over which the Court has the jurisdiction and authority to enter a final order.[2]

## I. FINDINGS OF FACT

On April 25, 2006, Debtors Roger and Brenda Kunze ("Debtors") signed a promissory note to Kaw Valley State Bank & Trust Co. ("Kaw Valley") to secure the purchase of certain real estate, improvements, and a mobile home. Debtors also signed a mortgage to Kaw Valley, granting it a lien in the property. That mortgage was properly recorded two days later with the local Register of Deeds.

The note, a copy of which was attached to the Complaint, contains two endorsements; neither endorsement is dated. The first is from Kaw Valley to Irwin Mortgage Corporation ("Irwin"). The second is from Irwin, which endorsed the note in blank. The Complaint also included copies of two assignments of the mortgage. The first, dated April 25, 2006, transferred the mortgage from Kaw Valley to Mortgage Electronic Registration Systems ("MERS"); that assignment was recorded with the Register of Deeds in 2006. The second, dated September 1, 2009, is from MERS to CitiMortgage, Inc. ("CitiMortgage"). That assignment was recorded with the Register of Deeds on September 21, 2009.

On March 4, 2009, before it had received the assignment from MERS, CitiMortgage filed a foreclosure action in state court. Before a final order was entered in that foreclosure action, Debtors

---

[1]Doc. 13.

[2]See 28 U.S.C. § 157(b)(2)(F), (H) and (K) (core proceedings) and § 157(b)(1) (authority to hear core proceedings).

filed their Chapter 7 bankruptcy petition on June 30, 2009. Almost fifteen months later, on October 20, 2010, CitiMortgage filed a Motion for Relief from Stay, seeking leave to proceed with the foreclosure. In its motion, CitiMortgage noted that Debtors were approximately 24 months, or $22,000, delinquent on their note payments. The Trustee objected to the motion, alleging CitiMortgage had not demonstrated it had standing to foreclose. In her objection, the Trustee requested CitiMortgage provide documentation concerning the note, mortgage, and assignments of those instruments.

When the Court indicated it would allow the Trustee to conduct discovery on the standing issue, CitiMortgage asked that its stay relief motion be denied rather than be subject to discovery. Accordingly, the Court entered an order denying the motion for relief from stay on January 13, 2011.[3] Several months later, the Trustee filed this adversary proceeding.

The Complaint contains five counts:

Count I: to determine the validity, priority, or extent of CitiMortgage's claimed lien;[4]

Count II: to avoid any lien held by CitiMortgage pursuant to 11 U.S.C. § 544(a)(3);[5]

Count III: to void the transfer of the mortgage from MERS to CitiMortgage as a preferential transfer pursuant to § 547(b);

Count IV: to void the transfer of the mortgage to CitiMortgage as a fraudulent transfer pursuant to § 548(a)(1)(B);

Count V: to void the transfer of the mortgage to CitiMortgage as an unauthorized post-petition transfer pursuant to § 549.

---

[3]Doc. 36.

[4]The Trustee has also named the Government National Mortgage Association ("Ginnie Mae") as a defendant in this action, and seeks a determination as to the validity of any lien that entity might have. Because this dismissal motion was brought only by CitiMortgage, this decision only addresses the claims against CitiMortgage.

[5]All future statutory references are to the Bankruptcy Code, as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, 11 U.S.C. §§ 101 - 1532, unless otherwise specifically noted.

CitiMortgage filed this motion to dismiss pursuant to Federal Rule of Bankruptcy Procedure 7012(b), claiming the Trustee has failed to state a claim upon which relief can be granted on all counts. Additional facts will be discussed below, when necessary.

## II. STANDARD FOR MOTION TO DISMISS

Federal Rule of Bankruptcy Procedure 7012(b) incorporates Federal Rule of Civil Procedure 12(b) into all adversary proceedings. A motion under Rule 12(b)(6) claims that a pleading fails to state a claim upon which relief can be granted. Under the recently established *Twombly/Iqbal* standard for determining whether a claim has been stated, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] "A claim has facial plausibility when the plaintiff pleads factual content [as opposed to legal conclusions] that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[7] The Tenth Circuit has found that plausibility does not mean "likely to be true," but instead the court has construed the term as referring to the scope of the allegations in the complaint.[8] The facts "must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief."[9]

## III. ANALYSIS

**A. Counts III, IV and V of the Complaint fail to state a claim upon which relief can be granted.**

---

[6] *Williams v. Meyer (In re Williams)*, 438 B.R. 679, 683 (10th Cir. BAP 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937 (2009)).

[7] *Id.*

[8] *Robbins v. State of Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

[9] *Id.*

Counts III, IV and V seek to void the transfer of the note and mortgage to CitiMortgage. Count III asserts that the transfer of the note and mortgage to CitiMortgage was a preferential transfer pursuant to § 547(b). Count IV asserts that the transfer of the note and mortgage was a fraudulent transfer pursuant to § 548(a)(1)(B). Count V asserts that the transfer of the note and mortgage was an unauthorized post-petition transfer prohibited by § 549. The statutory provisions under which Counts III, IV and V are brought require that any transfer must involve a transfer of Debtors' interest in property or a transfer of property of the bankruptcy estate.[10] CitiMortgage argues that because neither the Debtor nor the bankruptcy estate have an interest in the note and mortgage, any transfers of those instruments are not subject to avoidance by the Trustee.

In *In re Halabi*,[11] the Eleventh Circuit Court of Appeals addressed a similar fact pattern. The Chapter 7 trustee filed an adversary proceeding seeking a determination of the amount, priority and validity of liens on debtor Halibi's real property, as well as to set aside certain post-petition transfers. Halabi had granted a mortgage in real property to a lender at least two years before he filed bankruptcy, and the lender had in turn timely and properly perfected the note and mortgage, just as Kaw Valley did here. The initial lender then assigned the note and mortgage to a second creditor, who in turn assigned the mortgage and note to Atlantic Mortgage & Investment Corporation ("Atlantic"). Atlantic failed to record the transfer of the mortgage and note in the public records prior to the date Halabi filed bankruptcy. After the bankruptcy was filed, Atlantic then transferred

---

[10] *See* 11 U.S.C. § 547(b) (stating that "the trustee may avoid any transfer of *an interest of the debtor in property* . . . .")(emphasis added); § 548(a) (stating that "[t]he trustee may avoid any transfer . . . of *an interest of the debtor in property* . . . ")(emphasis added); and § 549(a) (stating that "the trustee may avoid a transfer of *property of the estate* . . . .)(emphasis added).

[11] 184 F.3d 1335 (11th Cir. 1999).

the mortgage to a fourth lender. As a result of that transfer, the trustee attempted to avoid the mortgage pursuant to both §§ 544 and 549.

The Eleventh Circuit affirmed both the bankruptcy and district courts, which each held in Atlantic's favor on both claims. The Circuit held that the trustee could not prevail because

> the assignment of the mortgage, once the original grant by the mortgagor to the mortgagee has been perfected, does not involve a "transfer of the property of the debtor" that would activate the Trustee's strong-arm powers under § 544. The Trustee is seeking to avoid the transfer of the perfected mortgage, in which the debtor has no interest. The transaction under scrutiny here does not involve the transfer of the debtor's real property, to which the mortgage attaches.[12]

The court further explained:

> The Trustee is attempting to challenge the secondary sales of the mortgage by the original mortgagee (Republic) and its successors. But the assignment of the perfected mortgage— from Republic to Farragut, from Farragut to Atlantic and, finally, from Atlantic to Federal—did not involve the transfer of any property *belonging to the debtor or to the debtor's estate*. In each instance, the assignment was merely the transfer of one mortgagee's interest to a successor mortgagee.[13]

To further support its position, the *Halabi* court held:

> That the perfected mortgage is neither actually nor potentially the property of the debtor is confirmed by § 541(d) which provides that property in which the debtor holds only legal title and not an equitable interest (such as a mortgage) becomes property of the estate only to the extent of the debtor's interest. Section 541(d) gives as an example a mortgage secured by real property. *See* 5 Collier on Bankruptcy (15th rev. ed.) (Lawrence P. King, ed.1999) at ¶ 541.27 ("[Section 541(a)(1)] reiterates the general principle that an interest that is limited in the hands of the debtor is equally limited in the hands of the estate, and therefore, where the debtor holds bare legal title without any equitable interest, the estate acquires bare legal title without any equitable interest in the property."). *See also* Norton Bankruptcy Law & Practice, 2d § 51:17 (1997) ("The purpose of the section is to insure that secondary

---

[12]*Id*. at 1337.

[13]*Id*. (emphasis added)

6

mortgage market sales as they are currently structured are not subject to challenge by trustees in bankruptcy ...").[14]

Numerous other courts have followed the holding in *Halabi*, finding that the transfer of a mortgage from one lender to another does not involve a transfer of an interest in the property of the debtor or property of the bankruptcy estate.[15]

Notwithstanding the logic and pervasiveness of these decisions, the Trustee asserts several arguments to support her claims. First, the Trustee asserts that "the Debtors' interest in the Real Property, which is subject to a negotiable interest and mortgage, is property of the Bankruptcy Estate." The Court certainly agrees that the Debtors' interest in the real estate is property of the estate. However, it is not Debtors' interest in the real estate that has been transferred from lender to lender. Rather, as articulately explained in the cited cases, it is the lender's interest in the mortgage that is being transferred. Although the real estate is encumbered by the mortgage, they are not one and the same.

---

[14]*Id.*

[15]*See, e.g. Rogan v. Bank One, Nat'l Ass'n (In re Cook)*, 457 F.3d 561, 568 (6th Cir. 2006) (holding that the transfer or recording of a previously perfected mortgage post-petition did not violate the automatic stay because the transfer only involves the bank's equitable interest in the property, which does not belong to the debtor); *In re Aum Shree of Tampa, LLC*, 449 B.R. 584, 592 (Bankr. M.D. Fla. 2011) (holding that "the assignment of a perfected mortgage is not a transfer of property of the estate under Section 541 of the Bankruptcy Code, and therefore the Debtor is not authorized under the Bankruptcy Code to avoid transfers under 548, 547, or 549"); *In re Mullin*, 433 B.R. 1 16-17 (Bankr. S.D. Tex. 2010) (finding that post-petition recording of assignment of a mortgage did not violate the automatic stay because it did not involve property of the debtor); *In re Canellas*, No. 6:09-bk-12740-ABB, 2010 WL 571808, *4 (Bankr. M.D. Fla. Feb. 9, 2010) (holding that "[t]0he purported assignment of the Note and Mortgage to Movant does not affect perfection or constitute a transfer of property of the estate or the Debtor."); *In re Samuels*, 415 B.R. 8, 22 (Bankr. D. Mass. 2009) (holding that "postpetition assignment of a mortgage and the related note from one holder to another is not a transfer of property of the estate. The mortgage and note are assets of the creditor mortgagee, not of the Debtor. Nor is the postpetition assignment of a mortgage and the related note an act to collect a debt; the assignment merely transfers the claim from one entity to another.").

7

Second, the Trustee relies upon *Schnittjer v. Linn Arena Credit Union (In re Sickels)*[16] to support her claim that the mortgage and note are property of the estate. *Sickles* unremarkably finds that "immediately upon avoidance of [a] mortgage interest it becomes part of the bankruptcy estate."[17] Again, the Court agrees with that general statement of the law. However, because *Sickels* did not involve facts similar to this case, that general holding is inapposite here.

In *Sickels*, the debtors granted a mortgage to Linn Area Credit Union prior to filing for bankruptcy protection. However, that creditor failed to timely record the mortgage, leaving it unperfected on the date of filing. Although the creditor tried to remedy this by perfecting its interest after the debtor filed bankruptcy, both parties agreed that this post-petition recording was in violation of the automatic stay. For that reason, the mortgage was voidable under § 544(a)(3) because it was not properly perfected when the bankruptcy was filed. Because *Sickels* did not involve the assignment of a properly perfected mortgage to a subsequent creditor, it is simply not relevant to the facts before this Court.

In addition, the conclusion that a mortgage would become property of the bankruptcy estate were she able to avoid a transfer does not benefit the Trustee here. The Trustee cannot rely on the fact that once a mortgage is voided it *becomes* property of the estate to support her assertion that the mortgage *is* property of the estate in the first instance. The mortgage becomes property of the estate once it is avoided, not before. Thus, because the Trustee has not stated a claim to avoid the mortgage in the first instance, it is not property of the estate.

---

[16]392 B.R. 423 (Bankr. N.D. Ia. 2008).

[17]*Id*. at 426.

Finally, the Trustee cites to general bankruptcy principles that "property of the estate," as defined by § 541(a)(1), and the term "transfer," as defined by § 101(54), are to be broadly construed.[18] Although the Court agrees that these terms are generally broadly construed, such construction has its limits. Although the assignment of the previously perfected mortgage and note from one lender to another qualifies as a transfer, the transfer does not involve property of the estate because the assignment of the mortgage and note relate only to the creditor's interests, not any property interest of Debtors. The mortgage and note in this case were not property of Debtors, and thus are not property of the bankruptcy estate.

The Trustee cites no cases directly on point to support her arguments, nor does she attempt to distinguish any of the numerous cases that are directly contrary to her position, or argue those cases were incorrectly decided. In addition, the Court has been unable to locate any reported decision that supports the Trustee's argument that the assignment of a previously perfected mortgage from one creditor to another constitutes a transfer of property of the debtor or a transfer of property of the estate.

Because this Court agrees with the rationale underlying the holding by the Eleventh Circuit in *Halabi*, it holds that the transfer of the previously perfected mortgage and note between lenders did not involve the transfer of an interest in property of the Debtor or of the bankruptcy estate. Any other interpretation "would turn well-established secured transaction principles on their heads; a buyer could effectively ignore a recorded mortgage simply because the mortgage/note has been sold

---

[18]*See Parks v. Dittmar (In re Dittmar)*, 618 F.3d 1199, 1207 (10th Cir. 2010) (holding that "the scope of § 541 is broad and should be generously construed, and that an interest may be property of the estate even if it is 'novel or contingent'") and *Morris v. Groves (In re Short)*, No. 08-5232, 2009 WL 2563469, *3 (Bankr. D. Kan. 2009) (holding that "[t]he definition of transfer was intended to be as broad as possible.").

in the aftermarket to a different financial institution . . . ."[19] Therefore, the Trustee's claims under §§ 547, 548 and 549 must all be dismissed for failure to state a claim upon which relief may be granted.

### B. Count II fails to state a claim upon which relief can be granted.

Count II seeks to avoid any lien held by CitiMortgage pursuant to § 544(a)(3). Section 544(a) allows a trustee to avoid a mortgage if that mortgage could have been avoided by a hypothetical bona fide purchaser ("BFP") of the property.[20] The Trustee's power to avoid transfers under this section of the bankruptcy code is known as the "strong arm" power.[21] The status and rights of the hypothetical BFP are determined by state law.[22]

Under applicable state law, here the law of Kansas, a purchaser qualifies as a BFP if he purchases something for value and has neither actual nor constructive notice of an encumbrance.[23] If a party qualifies as a BFP, the purchaser takes the property free of the encumbrance of which they have neither actual nor constructive notice.[24]

In support of her § 544(a)(3) claim, the Trustee asserts that:

---

[19] *JP Morgan Chase v. New Millennial, LC*, 6 So. 3d 681, 685-86 (Fla. Dist. Ct. App. 2009).

[20] *Hamilton v. Washington Mut. Bank FA (In re Colon)*, 563 F.3d 1171, 1173-74 (10th Cir. 2009).

[21] *Id.* at 1174 (citing *Morris v. Hicks (In re Hicks )*, 491 F.3d 1136, 1140 (10th Cir. 2007) and 5 Collier on Bankruptcy ¶ 544.02 (Lawrence P. King ed., 15th ed. 2000) (referring to § 544(a) as the "strong arm clause")).

[22] *Id.* (citing *Watkins v. Watkins*, 922 F.2d 1513, 1514 (10th Cir. 1991) and *Midlantic Nat'l Bank v. Bridge (In re Bridge)*, 18 F.3d 195, 200 (3d Cir. 1994).

[23] *See Beams v. Werth*, 200 Kan. 532 (1968) (constructive notice) and *Larson Operating Co. v. Petroleum, Inc.*, 32 Kan. App. 2d 460 (2004) (actual notice).

[24] *See Miller v. Alexander*, 13 Kan. App. 2d 543 (1989).

10

Case 11-07029   Doc# 26   Filed 10/13/11   Page 10 of 15

> (1) on the date of filing, CitiMortgage was not the owner and holder of the note and/or mortgage, or alternatively, acquired those rights in the 90 days prior to the filing date or in the two years prior to the filing date;
>
> (2) CitiMortgage acquired its interest in the property, the note and/or the mortgage by virtue of certain agreements, transfers, actions and documents; and
>
> (3) CitiMortgage has failed to provide evidence of the chain of title to the note or mortgage to demonstrate its legal, equitable or factual basis for filing the motion for relief from stay.

The Court finds that the allegations made in support of Count II are not sufficient to establish a claim under § 544(a)(3).

First, § 544 only grants the Trustee the power to avoid a "transfer of property of the debtor" that is voidable by a BFP of real property.[25] The Court has already held that the previously perfected note and mortgage in this case are not property of Debtors. The only transfers that took place were transfers involving the creditor's interests in the note and mortgage. Therefore, for the same reason that Counts III, IV and V failed to state a claim and had to be dismissed, Count II also fails to state a claim upon which relief can be granted.

Second, the fact that CitiMortgage may not have been the owner or holder of the note and/or mortgage on the date of the bankruptcy filing, or that it failed to provide evidence of the chain of title to the mortgage during the time its now denied motion for relief from stay was pending, relate to the issue of whether CitiMortgage has a valid security interest in the property—which is the claim raised in Count I. Those same arguments do not support a claim that the Trustee, acting as a BFP, has the authority to avoid CitiMortgage's security interest in the property. Similarly, the fact that CitiMortgage may have acquired its interest in the property within 90 days or within two years of

---

[25] Although § 544 also authorizes the Trustee to avoid any "obligation incurred by the debtor" that is voidable by a BFP of real property, the Trustee has not raised any claim under this provision, instead only claiming that the transfer of the note and mortgage are voidable.

the filing date might have been relevant to the Trustee's preferential transfer claim in Count III or her fraudulent transfer claim in Count IV if the property transferred was estate or Debtors' property, but it does not support a claim under § 544.

The mortgagors here—Debtors Kuntz, obviously had actual notice of the original mortgage. Anyone claiming under the mortgagor—here the Debtors' Trustee, thus has constructive notice of the mortgage when the mortgage is recorded, which it was well in advance of the bankruptcy. "From the point of view of the mortgagor or someone standing in his shoes, a subsequent assignment of the mortgagee's interest—whether recorded or not—does not change the nature of the interest of the mortgagor or someone claiming under him. Nor should a failure to record any subsequent assignment afford the mortgagor or [anyone] standing in his shoes an opportunity to avoid the mortgage."[26]

The Complaint does not set forth any allegations to establish that the Trustee would qualify as a BFP under Kansas law, or that she was not placed on constructive notice of the existence of a prior encumbrance—the mortgage—against this property, regardless who is entitled to enforce that mortgage at the end of the day. Therefore, the Court finds the Trustee has failed to state a claim under § 544(a)(3), and Count II must also be dismissed.

### C. Count I does state a claim upon which relief can be granted.

Finally, Count I seeks a determination as to the validity, priority, and extent of CitiMortgage's lien or other interests in the real estate. CitiMortgage has moved to dismiss this count, arguing that the very documents the Trustee attached to her Complaint establish

---

[26] *Halabi*, 184 F.3d at 1338. *See also In re Patton*, 314 B.R. 826, 833 (Bankr. D. Kan. 2004) (holding that "a recorded and unreleased mortgage is notice of the lien, no matter who owns it. In the present case, the Mortgage is recorded and unreleased, and any subsequent purchaser will have notice of its existence, regardless of who possesses the note and mortgage at the time. Therefore, section 544(a)(3) may not be utilized to avoid the defendant's assigned interest in the Mortgage, which is a valid and perfected lien on the plaintiffs' homestead.").

CitiMortgage's rights as a secured lienholder in the property.[27] Exhibit 1 is the note Debtors signed to Kaw Valley, and Exhibit 2 is the mortgage that accompanied that note, also to Kaw Valley. The Trustee does not dispute that Debtors executed both the note and the mortgage three years pre-petition. The note contains both an assignment by Kaw Valley to Irwin, as well as an endorsement in blank by Irwin. Trustee's Exhibit 3 is an assignment of the mortgage from Kaw Valley to MERS. Exhibit 5 is the assignment of the mortgage from MERS to CitiMortgage, executed September 1, 2009. Exhibit 6 is a document that appears to have been obtained by MERS, that identifies CitiMortgage as the servicer of the note as of June 1, 2011. Exhibit 7 is a Milestones report, also apparently generated by MERS, that indicates Ginnie Mae transferred the beneficial rights to the mortgage to CitiMortgage. CitiMortgage claims that these documents, which were a part of the Trustee's Complaint, demonstrate that it is the holder of the note and the mortgage, and its status as a secured creditor has thus been sufficiently established.

Although the Trustee admits that Debtors granted a valid note and mortgage to Kaw Valley, she nevertheless claims that factual issues exist that should preclude dismissal, including when and by whom the assignments of the note and mortgage were given, and the date CitiMortgage obtained its interest in the mortgage. In her Complaint, the Trustee claims, without explanation, that the documents attached to her own complaint are insufficient to establish CitiMortgage's status as a secured creditor. In her response to the motion to dismiss, the Trustee asserts that CitiMortgage has not demonstrated when it obtained its interest in the note. She also notes that there are inconsistencies regarding the date the mortgage was assigned to CitiMortgage, suggesting

---

[27]Because the documents attached were referred to in the Complaint and are central to the Trustee's claims, the Court can consider these documents under Fed. Rule Civ. P. 12(b)(6) without converting the motion to dismiss to a motion for summary judgment. *See MacArthur v. San Juan County*, 309 F.3d 1216, 1221 (10th Cir. 2002).

CitiMortgage may not have been a secured creditor on the date Debtors filed their bankruptcy petition.

The Court finds that the Trustee states a claim upon which relief can be granted with regard to Count I, but just barely. The property in question was not exempted by Debtors, and thus if there is equity in the property, the Trustee may well elect to sell it for the benefit of the estate. In doing so, she would need to determine who has the right to the proceeds of any sale, and who should be notified of the sale.

Accordingly, the Trustee does have the authority to determine whether a party claiming to be a secured creditor does, in fact, have a secured claim.[28] Although the documents attached to the Trustee's own Complaint do suggest that CitiMortgage presently holds both the note and the mortgage, the Trustee has raised sufficient issues as to how and when CitiMortgage may have acquired its interest in the note and mortgage, and whether it truly is the holder of both the note and the mortgage, to survive a motion to dismiss. The Court will allow Count I to proceed, if the Trustee wishes to continue pursuing this claim in light of the dismissal of the other Counts,[29] in order to determine whether CitiMortgage is a secured creditor.

## IV. CONCLUSION

---

[28] It is curious that if this were the Trustee's goal, she would not elect to name all potential parties in interest in one proceeding.

[29] Since the Trustee cannot avoid the mortgage for the benefit of the estate, it is difficult to see the benefit to the estate in establishing that the mortgage and note were not properly transferred to CitiMortgage, and that some other entity (such as Ginnie Mae, Irwin or Kaw Valley) actually retains the interest in the note and mortgage. In addition, when the bankruptcy was filed, Debtors' Schedule A estimated the value of the real estate at $95,000. CitiMortgage claimed it was owed $109,669.85 when it filed its relief from stay motion, and Debtors' schedules reflected a second mortgage in the amount of $14,917, for a total debt (as of perhaps as much as a year ago) exceeding $124,000 against property valued at $95,000. It thus does not appear there is equity for the estate in this admittedly non-exempt property, but that is for the Trustee to decide in the exercise of her discretion.

The Court finds that the Trustee has failed to state a claim upon which relief can be granted on all counts except Count I brought against CitiMortgage. Therefore, Counts II, III, IV and V will all be dismissed as to CitiMortgage.

**IT IS, THEREFORE, BY THE COURT ORDERED** that Defendant CitiMortgage, Inc.'s Motion to Dismiss[30] is granted in part and denied in part. Counts II, III, IV and V are dismissed as against CitiMortgage. Count I against CitiMortgage is not dismissed.

###

---

[30]Doc. 13.